ORIGINAL

JOHN HARRIS PAER, ESQ.        #1551
41 B Kepola Place
Honolulu, Hawaii   96817
Telephone:  (808) 595-7179
Facsimile:  (808) 595-3918
email: paerj001@hawaii.rr.com

BRUCE H. WAKUZAWA, ESQ.    #4312-0
735 Bishop Street, Suite 433
Honolulu, Hawaii   96813
Telephone:  (808) 523-1007
Facsimile:  (808) 356-3303
email: bruce@bwhawaiilaw.com

Attorneys for Plaintiffs

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 17 2009

at ____ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GIL YORO CONSTANTINO and GEMMA GUILLERMO CONSTANTINO, <br><br> Plaintiffs, <br><br> vs. <br><br> U. S. BANK, N.A., Trustee, and MERIDIAN FINANCIAL NETWORK, INC., <br><br> Defendants. | CIVIL NO. CV09-00066 DAE LEK <br><br> COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; EXHIBITS "A-C"; SUMMONS |

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COME NOW Plaintiffs, by and through their undersigned attorneys, and alleges as follows:

INTRODUCTION

1.   This Complaint is filed and these proceedings are instituted under the "Truth in Lending Act" 15 U.S.C. Section 1601, et seq., to rescind, recover actual and statutory damages,

reasonable attorney's fees and costs of suit by reason of the Defendants' violations of that Act and the Regulations adopted pursuant thereto published at 12 C.F.R. § 226, commonly known as Regulation Z. Plaintiff seeks actual and statutory damages arising out of Defendants' misrepresentations and improper disclosures.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 15 U.S.C.A. Section 1640(e) and 28 U.S.C.A. Sections 1331, 1332 and 1337. There is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00. The supplemental jurisdiction of this Court is invoked over Count II of the Complaint, which arises under Chapter 480 of the Hawaii Revised Statutes. This Court has jurisdiction of the state claims because the factual matters underlying the federal and state claims are closely related, making disposition of both claims proper and necessary.

## PARTIES

3. Plaintiffs are natural persons and are residents and citizen of the State of Hawaii.

4. Defendant U. S. Bank, N.A. (hereinafter "Bank") is a national bank doing business in the State of Hawaii and is subject to the jurisdiction of this Court. Bank is a citizen of a state other than Hawaii.

5.    Meridian Financial Network, Inc. (hereinafter "Meridian") is a Nevada corporation doing business in Hawaii and is subject to the jurisdiction of this Court.

FACTS

6.    Within the year prior to the filing of this action, Meridian regularly extended credit to its consumer customers for which a finance charge was imposed and/or accepted assignment of such consumer debt.

7.    Within the year prior to the filing of this action, Bank regularly extended credit to its consumer customers for which a finance charge was imposed and/or accepted assignment of such consumer debt.

8.    In early 2006, Plaintiffs spoke with one of Meridian's mortgage brokers, Josh Czinsky, who promised Plaintiffs an interest rate of 6.5% or less for a 30 year fixed rate mortgage.

9.    Plaintiffs believed and relied on Meridian's representations as described above and were justified in their reliance, and based on that reliance, Plaintiffs agreed to go forward with their refinancing.

10.    The refinancing was intended by Plaintiffs to pay off personal bills and to obtain additional funds for other personal expenses, and thus, the above debt was incurred primarily for personal, family, or household purposes.

11.   In early May of 2006, Meridian sent Plaintiffs a loan application and several other documents via email, including a Truth in Lending disclosure statement dated May 4, 2006.  True copies of the loan application and disclosure statement are attached hereto as Exhibits "A" and "B", respectively.

12.   Meridian falsified Plaintiffs' loan application for this mortgage loan by falsely inflating Gil Constantino's stated income by some $6000.00.

13.   The loan was made only to Gil Yoro Constantino, and the note was signed only by him, but the mortgage was signed by both Plaintiffs since both own the home.

14.   The above indebtedness was secured by a mortgage on Plaintiffs' principal residence.

15.   On or about May 26, 2006, the loan documents were signed at the offices of Meridian at 700 Bishop Street, Honolulu, Hawaii, rather than at a legitimate title/escrow company.

16.   Plaintiffs did not receive any copies of any documents at closing.

17.   On or about June 6, 2009, Plaintiffs went to Meridian to pick up their check and at that time they were given several documents by Meridian; that is, they were given a letter from Hawaii Escrow & Title, Inc. dated June 5, 2006 along with their check, the final closing statement, a copy of the certificate of mortgage, the adjustable rate rider, and the HET privacy policy.

18. Those were the only documents Plaintiffs have ever received regarding the closing of the above loan.

19. In particular, Plaintiffs never received a Truth in Lending Disclosure Statement at or after the closing of this loan, nor any Notice of Right to Cancel in connection with this loan.

20. At some time after June 6, 2009, Plaintiffs realized that the actual rate on their loan was much higher than they were promised; that is, the interest rate was not fixed for 30 years at 6.5% or less, but rather was an adjustable rate beginning at 7.85%.

21. As a result, Plaintiffs were deceived and received a loan on less advantageous terms than those previously represented by Defendants and reasonably expected by Plaintiff.

22. Upon information and belief, Bank is the present owner and holder of the above described note and mortgage.

23. On or about January 21, 2009, Bank's attorneys wrote a letter to each Plaintiff threatening non-judicial foreclosure of their home, the sale to be held on March 4, 2009.

24. That letter was received by Gemma Guillermo Constantino on February 6, 2009 and approximately a week earlier by Gil Yoro Constantino.

25. On February 10, 2009, Plaintiffs, through their counsel, sent a letter to Bank's counsel, via facsimile, which stated that Plaintiffs were rescinding the above described loan. A true copy of that letter is attached hereto as Exhibit "C".

26. The above described rescission letter was mailed to Bank's counsel and also to Meridian on February 11, 2009.

27. Plaintiffs again hereby rescind the above-described loan, and all other transactions they had or have with each Defendant.

28. Plaintiff will be irretrievably harmed if Defendants refuse to rescind the loan and proceed with collection of the loan and/or foreclosure upon their home.

## COUNT I - Truth in Lending

29. Plaintiffs reallege and incorporates paragraphs 1 through 28 of this Complaint.

30. Defendants have violated the Truth in Lending Act by failing to properly disclose, and/or by disclosing in a misleading and confusing manner:

      (a)   the Annual Percentage Rate,

      (b)   the Finance Charge,

      (c)   the Amount Financed,

      (d)   the Total of Payments and Payment Schedule,

      (e)   the Security Interest,

      (f)   the Notice of Right To Rescind, and

      (g)  by failing to honor Plaintiffs' rescission request to rescind the loan transaction.

31. Plaintiffs have suffered serious personal as well as pecuniary injury and emotional harm as a result of Defendants' actions as described above.

COUNT II - Unfair and Deceptive Acts

32. Plaintiff realleges and incorporate paragraphs 1 through 31 of this Complaint.

32. Defendants have violated Chapter 480 of the Hawaii Revised Statutes as alleged above.

33. Meridian's violations of the Truth in Lending Act constitute unfair and deceptive acts or practices in violation of H.R.S. Chapter 480.

34. The false representations as to the terms of the loan, the failure to give documents timely, the charges and disclosure of those charges and terms in connection with the above-described extension of credit were immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff as a consumer, in violation of H.R.S. Chapter 480. All defendants are responsible for these violations.

35. Meridian's failure to give to Plaintiffs a proper Notice of Right to Cancel and their failure to give Plaintiff a proper Truth in Lending Disclosure Statement is unfair and deceptive, in violation of H.R.S. Chapter 480.

36.   All Defendants' refusal to honor Plaintiffs' demand for rescission is unfair and deceptive, and is a separate violation of HRS §480-2.

37.   As a result, Plaintiffs have suffered injury to their property in an amount to be proved at trial, and are entitled to, among other things, rescission, voiding of the loan, treble damages, interest and attorneys' fees and costs.

## COUNT III - Unconscionability

38.   Plaintiffs reallege and incorporate paragraphs 1 through 37 of this Complaint.

39.   Defendants have engaged in unconscionable behavior and acts to the detriment of Plaintiffs, including but not limited to obtaining mortgages under false pretenses and by charging Plaintiffs inflated and unnecessary charges, by failing to give Plaintiffs required documents in a timely manner, and by failing to honor a proper demand for rescission.

## COUNT IV - Fiduciary Duty

40.   Plaintiffs re-allege the allegations of paragraphs 1 through 39 of this Complaint.

41.   At all times relevant herein, each Defendant owed Plaintiffs a fiduciary duty with regard to the instant mortgage loans.

42. Each Defendant breached its fiduciary duty owed to Plaintiffs as described above.

43. Plaintiffs have been damaged thereby in an amount to be proved at trial.

WHEREFORE, Plaintiffs prays that the Court:

AS TO COUNT I

1. Award Plaintiffs their actual damages as will be proved at trial along with $2000.00 statutory damages;

2. Enjoin Defendants from taking any action in furtherance of pursuing, by collection, foreclosure or otherwise, their security interest in the subject property;

3. Award rescission of the transaction, rescission of all security interests relating to Plaintiffs' property, and order Defendants immediately to return to Plaintiffs all finance charges paid pursuant to that credit transaction, and direct that Plaintiffs have no further obligation of payment to Defendants, their servicer or their agents.

4. Order Defendants to cause a Satisfaction of Mortgage to be filed with the Bureau of Conveyances, State of Hawaii regarding the mortgage described above.

5. Order Defendants to delete any adverse information regarding Plaintiffs that they have reported to any consumer (credit) reporting agency; and enjoin Defendants from making, in the future, any adverse consumer report regarding Plaintiffs.

## AS TO COUNT II

6. Award Plaintiff damages in the amount of three times the injury to their property, but not less than $1,000.00.

7. Declare the above transaction null and void.

8. Award rescission of the transaction, rescission of all security interests relating to Plaintiffs' property, and direct that Plaintiffs have no further obligation of payment to Defendants.

9. Order Defendants to cause a Satisfaction of Mortgage to be filed with the Bureau of Conveyances, State of Hawaii regarding the mortgage described above.

10. Order Defendants to delete any adverse information regarding Plaintiffs that they have reported to any consumer (credit) reporting agency; and enjoin Defendants from making, in the future, any adverse consumer report regarding Plaintiff.

## AS TO COUNT III

11. Award Plaintiffs damages for property injury;

12. Award Plaintiffs damages in the amount of the injury to their persons, both physical and emotional;

13. Award Plaintiffs exemplary damages.

## AS TO COUNT IV

14. Award Plaintiffs damages as will be proved at trial.

15. Award Plaintiffs exemplary damages.

<u>AS TO ALL COUNTS</u>

16.   Declare Defendants' security interest in the subject property void, and enjoin Defendants from taking any action towards collection of the loan and/or foreclosure of their security interest in the subject property;

17.   Award Plaintiffs their attorneys' fees and costs of Court.

18.   Award Plaintiffs such other and further relief as the Court deems just and equitable.

DATED:   Honolulu, Hawaii, _____February 17, 2009_____.


_____
JOHN HARRIS PAER
BRUCE H. WAKUZAWA
Attorneys for Plaintiffs