IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GIL YORO CONSTANTINO, ET AL., ) | CIVIL NO. 09-00066 DAE-RLP |
| ) | |
| Plaintiffs, ) | FINDINGS AND RECOMMENDATION TO |
| ) | DENY PLAINTIFFS' MOTION FOR |
| vs. ) | AWARD OF ATTORNEYS FEES |
| ) | |
| U.S. BANK, N.A., TRUSTEE, ET ) | |
| AL., ) | |
| ) | |
| Defendants. ) | |

FINDINGS AND RECOMMENDATION TO DENY
PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS FEES[1]

Before the Court is Plaintiffs Gil Yoro Constantino and Gemma Guillermo Constantino's (collectively "Plaintiffs") Motion for Award of Attorneys Fees, filed on September 29, 2011 ("Motion"). See ECF No. 82. Plaintiffs request that the Court find and recommend that Plaintiffs and their counsel are entitled to attorneys' fees in the amount of $62,191.46. On October 13, 2011, Defendant/Counter-Claimant and Third-Party Plaintiff U.S. Bank National Association as Trustee for the Structured Asset Investment Loan Trust, 2006-BNC3 ("US Bank") filed its Memorandum

---

[1] Within fourteen (14) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

in Opposition to Plaintiffs' Motion, and on October 19, 2011, Plaintiffs filed their Reply Memorandum in Support of their Motion.  See ECF Nos. 85, 86.

On October 3, 2011, the Court found this matter suitable for disposition without a hearing pursuant to Local Rule 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii.  See ECF No. 83. Based on the following, and after careful consideration of the Motion, the supporting and opposing memoranda, declarations, and exhibits attached thereto, and the record established in this action, the Court HEREBY FINDS AND RECOMMENDS that Plaintiffs' Motion be DENIED.

BACKGROUND

This action arises out of a note and mortgage executed by Plaintiffs in connection with their purchase of a home on or around May 26, 2006.  The mortgage lender, Meridan Financial Network, Inc. ("Meridan"), assigned the note and mortgage to US Bank.[2]  Wells Fargo Bank, N.A., doing business as America's Servicing Company ("ASC"), became the servicing agent for US Bank.  On or around January 21, 2009, ASC initiated non-judicial foreclosure proceedings against Plaintiffs.  On February 17, 2009, Plaintiffs filed their Complaint for Damages and Injunctive

---

[2] Meridan was originally named as a defendant to this action, but Plaintiffs dismissed their claims against it without prejudice on February 20, 2009.  See ECF No. 5.

Relief, alleging, among other things, Truth in Lending Act ("TILA") violations by Meridan.  On April 15, 2009, US Bank filed a Counterclaim against Plaintiffs for foreclosure.

After numerous settlement conferences between the parties and with the Court, a settlement agreement was offered by US Bank on April 30, 2010, accepted by Plaintiffs on May 10, 2010, and tentatively placed on the record on August 3, 2010. Subsequently, as the parties were working out the mechanics of the settlement, a disagreement arose as to whether Plaintiffs were required, under the terms of the agreed upon settlement, to make an up front payment of $5,232.62.

On April 8, 2011, Plaintiffs filed a Motion to Enforce Settlement and/or for Damages for Breach of Settlement Agreement and Attorneys' Fees.  See ECF No. 62.  On July 13, 2011, the undersigned Magistrate Judge issued a Findings of Recommendation ("F&R") to enforce the settlement agreement, finding that there was a valid offer and acceptance of a settlement agreement that did not include an up front payment.  See ECF No. 69.

On August 1, 2011, the Court issued an amended F&R permitting Plaintiffs to file a motion for an award of attorneys' fees within fourteen days from the date the amended F&R was acted upon.  See ECF No. 74.  The parties do not dispute that the settlement agreement that the undersigned Magistrate Judge recommended enforcing contained a provision under which US Bank agreed to pay Plaintiffs $2,500.00 for attorneys' fees.  See Paer

3

Decl. Ex. B to Pls.' Mot. Enforce Settlement, ECF No. 62-4 ("In addition, Wells Fargo is willing to pay $2,500 as and for your client's attorney fees."); Pls.' Mem. Supp. Mot., ECF No. 82, at 7-8 ("Plaintiffs initially accepted very low fees of $2500.00 as part of the settlement in order to resolve the litigation at that time."); Def.'s Mem. Opp., ECF No. 85, at 2 ("According to the terms of the settlement agreement, Plaintiffs are entitled to receive $2,500.00 in attorney fees . . . ").

On August 11, 2011, Plaintiffs filed their first Motion for Award of Attorneys Fees. See ECF No. 76. This motion requested $31,236.91 in total fees, which purported to represent the fees incurred by Plaintiffs in enforcing the settlement.[3] Id. Because this motion was filed prior to the District Judge acting upon the Amended F&R, the Court denied this attorneys' fees motion as premature. See ECF No. 77.

Over US Bank's objections, on September 23, 2011, the District Judge issued an order adopting the amended F&R and enforcing the settlement agreement, also finding that there was a valid offer and acceptance of a settlement agreement that did not include an up front payment. See ECF Nos. 78, 81. The instant Motion for an award of attorneys' fees followed. Despite

---

[3] In this first motion, Plaintiffs stated that they were not seeking attorneys' fees "from the beginning of the case in 2009 until the settlement was reached on May 10, 2010, and even through June 30, 2010, giving Defendant almost two more months to complete the settlement." See ECF No. 76, at 8.

4

Plaintiffs filing only one document in between Plaintiffs' first motion for attorneys' fees and the instant Motion,[4] the instant Motion requests an award of $62,191.46 in total fees, the amount allegedly expended to litigate the entire case. Plaintiffs contend that "[s]ince the settlement was not honored, the Court's ruling over [US Bank's] opposition makes this a 'successful action' entitling Plaintiffs to reasonable attorney's fees for the entire action." ECF No. 82, at 9.

## ANALYSIS

Plaintiffs who bring a "successful action" under the TILA are entitled to an award of reasonable attorneys' fees. 15 U.S.C. § 1640(a)(3); Boncyk v. Cavanaugh Motors, 673 F.2d 256, 262 (9th Cir. 1981). The amount of the fee award, if any, is in the sound discretion of the district judge. Kessler v. Assocs. Fin. Servs. Co. of Haw., Inc., 639 F.2d 498, 499 (9th Cir. 1981).

Plaintiffs contend that since the settlement agreement was "not honored" by US Bank, "the Court's ruling [granting Plaintiffs' motion to enforce the settlement] over the bank's opposition makes this a 'successful action' entitling Plaintiffs to reasonable attorney's fees for the entire action." Pls.' Mem. Supp. Mot. 9. Plaintiffs, however, fail to cite any law that even remotely suggests that when a party successfully enforces a

---

[4] On August 26, 2011, Plaintiffs filed a Memorandum in Opposition to US Bank's Objections to the Court's amended F&R. See ECF No. 80.

settlement agreement which includes a provision expressly addressing attorneys' fees, that party is entitled to attorneys' fees pursuant to the substantive law of the settled case.

Here, Plaintiffs did prevail on their motion to enforce the settlement agreement, convincing both the undersigned Magistrate Judge and the District Judge to find that there was a valid offer and acceptance of a settlement agreement that did not include an up front payment. But, it is undisputed that this same settlement agreement contained a provision under which US Bank agreed to pay Plaintiffs $2,500.00 to cover their attorneys' fees. Plaintiffs argue that they accepted this "very low" fee amount "with the reasonable expectation that the settlement would be completed in good faith." Pls.' Mem. Supp. Mot. 7-8. Because resolution of the settlement terms took longer than anticipated and Plaintiffs incurred additional fees, Plaintiffs believe that they are entitled to attorneys' fees for the entirety of the litigation. See id. at 8-9.

Notwithstanding the substantial difference between the $2,500.00 in attorneys' fees Plaintiffs initially agreed upon and the $62,191.46 they now seek, Plaintiffs cannot have it both ways. On one hand, they requested, and were granted, enforcement of the settlement agreement by the Court. On the other hand, Plaintiffs presently ask the Court to disavow a particular provision of the same settlement agreement it just enforced. Plaintiffs are not permitted to pick and choose which provisions

of a settlement agreement should be enforced and which should not.  Rather, Plaintiffs are entitled only to the benefit of the bargain they struck with US Bank – $2,500.00 in attorneys' fees.  See In re Anderson, 362 B.R. 575 (Bankr. E.D.N.Y. 2007) (holding that plaintiff's attorney was not entitled to recover fees under TILA because the settling parties were entitled to rely on the terms of the settlement agreement).  To award Plaintiffs additional attorneys' fees in this case would require the Court to rewrite the parties' agreement.  This the Court simply will not do.  See Roe v. White, No. 03-04035, 2006 WL 335237, at *1 (N.D. Cal. Feb. 13, 2006) (denying plaintiffs' motion for attorneys' fees incurred in enforcing settlement where settlement agreement expressly provided that each party shall bear its own costs and fees).

Although not cited by Plaintiffs, the Court is aware of the line of cases holding that TILA plaintiffs did not waive their right to an award of attorneys' fees when they accepted a Rule 68 offer of judgment or settlement that was silent on the subject of attorneys' fees.  See, e.g., Nusom v. Comh Woodburn, Inc., 122 F.3d 830, 834-35 (9th Cir. 1997); Zeisler v. Neese, 24 F.3d 1000, 1001 (7th Cir. 1994); Gram v. Bank of La., 691 F.2d 728, 729 (5th Cir. 1982); Chicano Police Officer's Ass'n v. Stover, 624 F.2d 127, 131 (10th Cir. 1980).  These authorities, however, are easily distinguished and therefore wholly

unpersuasive to the instant case. In the aforementioned line of cases, the offer of judgment or settlement is *silent* with respect to the issue of settling parties' entitlement to attorneys' fees. By contrast, here, the settlement agreement contains a *specific and unambiguous provision* entitling Plaintiffs to $2,500.00 in attorneys' fees.

Moreover, these cases are equally clear in holding that a plaintiff can waive his or her statutory entitlement to attorneys' fees under TILA as part of the settlement agreement. See Zeisler, 24 F.3d at 1002 (holding that plaintiff's attorney was not entitled to his fees where plaintiff waived her right to attorneys' fees as part of the settlement); Gram, 691 F.2d at 730 ("a plaintiff may waive his right to attorney's fees in a negotiated settlement agreement"); Chicano Police Officer's Ass'n, 624 F.2d at 132 ("plaintiffs can give up their statutory entitlement to fees as part of the settlement arrangement"). Cf. Nusom, 122 F.3d at 834-35 (evidentiary hearing concerning extrinsic evidence of parties' intent to include additional attorneys' fees above and beyond Rule 68 offer would be permissible). Without making an express holding regarding whether a settlement constitutes a "successful action" under TILA entitling the plaintiff to attorneys' fees,[5] the Court finds

---

[5] Plaintiffs cite Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598 (2001), and Richard S. v. Dep't of Developmental Servs. of State of Cal., 317 F.3d 1080

8

that, in this case, Plaintiffs waived any entitlement to additional attorneys' fees by agreeing to a settlement limiting them to $2,500.00 in fees. Therefore, the Court concludes that Plaintiffs are not entitled to $62,191.46 of attorneys' fees allegedly incurred in litigating this entire action, but instead are limited to the $2,500.00 of attorneys' fees they agreed upon in the settlement agreement that was enforced - at Plaintiffs' request - by the Court.

## CONCLUSION

In accordance with the foregoing, the Court HEREBY FINDS AND RECOMMENDS that Plaintiffs' Motion for Award of Attorneys Fees, filed on September 29, 2011, be DENIED. Plaintiffs' attorneys' fees shall be limited to $2,500.00 pursuant to the settlement agreement that was enforced by the Court on September 23, 2011 in its Order Adopting the Magistrate Judge's Findings and Recommendations, ECF No. 81.

IT IS SO FOUND AND RECOMMENDED.

///
///
///

---

(9th Cir. 2003), for the proposition that the Court's F&R and Order enforcing the settlement agreement entitle them to attorneys' fees. However, these cases were brought under the Americans with Disabilities Act, not TILA. Plaintiffs do not cite, and the Court has not found, any Supreme Court or Ninth Circuit case applying such a standard to TILA actions.

DATED: HONOLULU, HAWAII, DECEMBER 14, 2011.



_____
Richard L. Puglisi
United States Magistrate Judge

CONSTANTINO V. U.S. BANK; CIVIL NO. 09-00066 DAE-RLP; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS FEES