IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GIL YORO CONSTANTINO AND GEMMA GUILLERMO CONSTANTINO,<br><br>       Plaintiffs,<br>  vs.<br><br>U.S. BANK, N.A., Trustee and MERIDIAN FINANCIAL NETWORK, INC.,<br><br>       Defendants.<br>_____ | CV. NO. 09-00066 DAE-RLP |

ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS
AND RECOMMENDATION TO DENY PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing the objections and the supporting and opposing memoranda, the Court **ADOPTS** the Magistrate Judge's Findings and Recommendations to Deny Plaintiffs' Motion for Attorneys' Fees. (Doc. # 87.)

BACKGROUND

The instant action arises out of a note and mortgage that Plaintiffs Gil and Gemma Constantino ("Plaintiffs") executed in connection with the purchase of

a home in 2006.  ("FR," Doc. # 87, at 2.)  The mortgage lender, Meridian Financial Network, Inc. ("Meridian") assigned the note and mortgage to U.S. Bank, National Association as Trustee for the Structured Asset Investment Loan Trust ("U.S. Bank").  (Id.)  Wells Fargo Bank, N.A., doing business as America's Servicing Company ("ASC"), became the servicing agent for U.S. Bank.  (Id.)  On or around January 21, 2009, ASC initiated non-judicial foreclosure proceedings against Plaintiffs.  (Id.)  On February 17, 2009, Plaintiffs filed their Complaint for Damages and Injunctive Relief, alleging, inter alia, Truth in Lending Act violations by Meridian.  (Id. at 2–3; see also "Compl.," Doc. # 1.)  On April 15, 2009, U.S. Bank filed a Counterclaim against Plaintiffs for foreclosure.  (FR at 3; see also Doc. # 6.)

After numerous settlement conferences between the parties and with the Court, a settlement agreement was offered by U.S. Bank on April 30, 2010, accepted by Plaintiffs on May 10, 2010, and tentatively placed on the record on August 3, 2010.  (FR at 3; see also Doc. # 47.)  Subsequently, as the parties were working out the mechanics of the settlement, a disagreement arose as to whether Plaintiffs were required, under the terms of the agreed upon settlement, to make an up front payment of $5,232.62.  (FR at 3.)

On April 8, 2011, Plaintiffs filed a Motion to Enforce Settlement and/or for Damages for Breach of Settlement Agreement and Attorneys' Fees. (Doc. # 62.) On July 13, 2011, the Magistrate Judge issued a Findings and Recommendation ("F&R"), finding that there was a valid offer and acceptance of a settlement agreement that did not include an up front payment and recommending that this Court enforce the settlement agreement. (Doc. # 69.)

On August 1, 2011, the Magistrate Judge issued an amended F&R permitting Plaintiffs to file a motion for an award of attorneys' fees within fourteen days from the date the amended F&R was acted upon. (Doc. # 74.) The parties do not dispute that the settlement agreement that the Magistrate Judge recommended enforcing contained a provision under which U.S. Bank agreed to pay Plaintiffs $2,500.00 for attorneys' fees. (See Paer Decl. Ex. B to Pls.' Mot. Enforce Settlement, Doc. # 62-4) ("Wells Fargo hereby offers to settle the Constantino matter by entering into a loan modification . . . . In addition, Wells Fargo is willing to pay $2,500 as and for your client's attorney fees."); (Pls.' Mem. Supp. Mot., Doc. # 82, at 7–8) ("Plaintiffs initially accepted very low fees of $2500.00 as part of the settlement in order to resolve the litigation at that time."); (Def.'s Mem. Opp., Doc. # 85, at 2) ("According to the terms of the settlement agreement, Plaintiffs are entitled to receive $2,500.00 in attorney fees . . . .").

3

On August 11, 2011, Plaintiffs filed their first Motion for Award of Attorneys' Fees. (Doc. # 76.) This motion requested $31,236.91 in total fees, which purported to represent the fees incurred by Plaintiffs in enforcing the settlement. (Id.) Because this motion was filed before this Court acted upon the amended F&R, the Magistrate Judge denied this attorneys' fees motion as premature. (Doc. # 77.)

Over U.S. Bank's objections, on September 23, 2011, this Court issued an order adopting the amended F&R. (Docs. ## 78, 81.) The Court determined that U.S. Bank had repudiated the settlement agreement and enforced the agreement based on its finding that there was a valid offer and acceptance of a settlement agreement that did not include an up front payment. (Doc. # 81.) Plaintiffs then filed a Motion for an award of attorneys' fees on September 29, 2011. (Doc. # 82.) The Motion requests $62,191.46 in total fees, the amount allegedly expended to litigate the entire case. (Id.)

On December 15, 2011, the Magistrate Judge issued an F&R denying Plaintiffs' Motion for Attorneys' Fees. (FR at 9.) The Magistrate found that Plaintiffs waived any entitlement to additional attorneys' fees by agreeing to a settlement limiting them to $2,500.00 in fees. (Id. at 9.) Therefore, the Magistrate found and recommended that Plaintiffs' attorneys' fees be limited to $2,500.00

pursuant to the settlement agreement that was enforced—at Plaintiffs' request—by the Court on September 23, 2011. (Id.)

On December 27, 2011, Plaintiffs filed a Motion for Reconsideration of the Magistrate's F&R denying Plaintiffs' Motion for Attorneys' Fees. (Doc. # 88.) The Magistrate denied that Motion on January 19, 2012. (Doc. # 92.) On January 30, 2012, Plaintiffs filed the instant Objections to the Magistrate Judge's F&R denying Plaintiffs' Motion for Attorneys' Fees and Order denying Plaintiffs' Motion for Reconsideration. (Doc. # 93.) On February 13, 2012, Defendant filed an Opposition to Plaintiffs' Objections, incorporating by reference Defendant's October 13, 2011 Opposition to Plaintiff's Motion for attorneys' fees and Defendant's January 10, 2012 Opposition to Plaintiffs' Motion for reconsideration. (Doc. # 94, at 2–3.)

STANDARD OF REVIEW

Any party may serve and file written objections to proposed findings and recommendations. See 28 U.S.C. § 636(b). Pursuant to Local Rule 74.2, when a party objects to a magistrate judge's dispositive order, findings, or recommendations, the district court must make a de novo determination. A de novo review means "the court must consider the matter anew, the same as if it had not been heard before and as if no decision previously had been rendered." U.S.

Pac. Builders v. Mitsui Trust & Banking Co., 57 F. Supp. 2d 1018, 1024 (D. Haw. 1999) (citation omitted).

"The court may 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.' The court also may receive further evidence or recommit the matter to the magistrate with instructions." McDonnell Douglas Corp. v. Commodore Bus. Machs., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981) (citation omitted); Local Rule 74.2.

DISCUSSION

Plaintiffs object to Judge Puglisi's Findings and Recommendation, and argue that this Court should award Plaintiffs attorneys' fees for the entire action pursuant to the fee-shifting provision of the Truth in Lending Act ("TILA"). In the alternative, Plaintiffs further argue that they should at least recover fees for enforcing the settlement agreement after U.S. Bank's alleged breach.

I.   Attorneys' Fees for the Entire Action

The Truth in Lending Act ("TILA") provides that, "[a]ny creditor who fails to comply with any requirement imposed under this part with respect to any person is liable to such person . . . in the case of any <u>successful action</u> to enforce the foregoing liability or in any action in which a person is determined to have a right of rescission under section 1635 or 1638(e)(7) of this title, the costs of the

6

action together with a reasonable attorney's fees as determined by the court." 15 U.S.C. § 1640(a)(3) (emphasis added); Boncyk v. Cavanaugh Motors, 673 F.2d 256, 262 (9th Cir. 1981). The amount of the fee award, if any, is left to the sound discretion of the trial judge. Id.; Semar v. Platte Valley Savings & Loan Ass'n., 791 F.2d 699 (1986). The "purpose behind granting attorney's fees is to make a litigant whole and to facilitate private enforcement of the Truth in Lending Act." Kessler v. Assocs. Fin. Servs. Co. of Haw., Inc., 639 F.2d 498, 499 (9th Cir. 1981).

The Court further notes that "as a general rule, a party may waive legal rights, including a benefit of a provision of a statute . . . enacted . . . for his protection." See Clark v. Capital Credit & Collection Servs., Inc., 460 F.3d 1162, 1170 (9th Cir. 2006) (internal quotation marks and citation omitted). "'[A]bsent some affirmative indication of Congress' intent to preclude waiver, we have presumed that statutory provisions are subject to waiver by voluntary agreement of the parties.'" Id. (quoting United States v. Mezzanatto, 513 U.S. 196, 201 (1995)). With respect to TILA claims, courts have consistently held that a plaintiff can waive his or her statutory entitlement to attorneys' fees under TILA pursuant to a settlement agreement. See Zeisler v. Neese, 24 F.3d 1000, 1002 (7th Cir. 1994) (holding that plaintiff's attorney had no statutory entitlement to attorney's fees under TILA because plaintiff waived her right to attorney's fees as part of the

settlement agreement); Gram v. Bank of La., 691 F.2d 728, 730 (5th Cir. 1982) (holding that a TILA plaintiff "may waive his right to attorney's fees in a negotiated settlement agreement"); cf. Nusom v. Comh Woodburn, Inc., 122 F.3d 830, 834 (9th Cir. 1997) (explaining that if a defendant making a Rule 68 offer wishes to avoid exposure to attorneys' fees pursuant to TILA, it is incumbent on the defendant to state clearly that attorneys' fees are included as part of the sum for which judgment may be entered).

Plaintiffs contend that by prevailing on their motion to enforce the settlement agreement, they have brought a "successful action" entitling them to an award of reasonable attorneys' fees for the entire action pursuant to TILA.[1] (Doc. # 93 at 4, 6–8.) Although Plaintiffs acknowledge that a private settlement would not otherwise entitle them to attorneys' fees, they claim that this constitutes a "successful action" because the Court issued an Order enforcing the settlement over U.S. Bank's objection. Plaintiffs rely on the case of Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't. of Heath & Human Res., 532 U.S. 598 (2001),

---

[1]The Court notes that Plaintiffs also make a passing reference to Hawaii Revised Statutes § 480-13. An award of attorneys' fees under § 480-13 requires entry of judgment in favor of the plaintiff or the issuance of a decree for the plaintiff enjoining defendant's unlawful practices pursuant to chapter 480. See § 480-13(a), (b). Since neither has occurred here, Plaintiffs are not eligible for an award of attorneys' fees pursuant to this statute.

to support their contention that they can recover attorneys' fees under these circumstances.

As a preliminary matter, the Court notes that Buckhannon is distinguishable from the instant case because it did not involve a TILA claim but rather a request for attorneys' fees under the fee-shifting provisions of the Fair Housing Amendments Act ("FHAA") and the Americans with Disabilities Act ("ADA"). Buckhannon, 532 U.S. at 601. Plaintiffs do not cite, nor has this Court found, any Supreme Court or Ninth Circuit cases applying Buckhannon to TILA actions.

In any event, the Court need not resolve the issue of whether the enforcement of the settlement agreement somehow renders this a "successful action" under TILA because Plaintiffs explicitly waived any entitlement to attorneys' fees beyond the fee award set forth in the settlement agreement. The settlement offer that was accepted by the Plaintiffs provides, in pertinent part, as follows:

> Wells Fargo hereby offers to settle the Constantino matter by entering into a loan modification on the terms set forth in the attachment (with performance dates appropriately updated). . . . In addition, Wells Fargo is willing to pay $2,500 as and for your client's attorney fees.

(Doc. # 62-4.) The language of these terms are unambiguous. In order to settle the instant action, Defendant agreed to pay Plaintiffs $2,500 for attorneys' fees. It is undisputed that Plaintiffs accepted this agreement. However, Plaintiffs contend that the Defendant's subsequent repudiation of the agreement entitles them to recover attorneys' fees for the entire action pursuant to the substantive law of the settled claims.

In making this argument, Plaintiffs ignore the basic and fundamental fact that the settlement agreement is still in effect. When Defendant refused to perform under the settlement agreement, Plaintiffs did not elect to withdraw from the agreement but rather sought the Court's enforcement of the agreement. The Court then issued an Order enforcing the terms of the settlement agreement pursuant to Plaintiffs' request. Thus, regardless of Defendant's prior repudiation, the parties are still bound by all the terms set forth in the agreement, including the provision limiting Plaintiffs to $ 2,500.00 in attorneys' fees. To award Plaintiffs additional attorneys' fees would require the Court to rewrite the contract between the parties. This the Court will not do. Plaintiffs must be held to the bargain they struck with the Defendant. Accordingly, the Court concludes that Plaintiffs have waived any entitlement to additional attorneys' fees by agreeing to a settlement agreement limiting them to $2,500.00 in fees.

II.     Attorneys' Fees for Enforcing the Settlement Agreement

Plaintiffs argue, in the alternative, that they should be awarded attorneys' fees for the time spent enforcing the settlement agreement as a remedy for Defendant's breach of the settlement agreement. "Typically, '[t]he construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally.'" O'Neil v. Bunge Corp., 365 F.3d 820, 8222 (9th Cir. 2004) (quoting United Commercial Ins. Serv., Inc. v. paymaster Corp., 962 F.2d 853, 856 (9th Cir. 1992). This is true even where the underlying cause of action is federal. United Commercial, 962 F.2d at 856. Under Hawaii law, "[o]rdinarily, attorneys' fees cannot be awarded as damages or costs unless so provided by statute, stipulation, or agreement." Stanford Carr Dev. Corp. v. Unity House, Inc., 141 P.3d 459, 478 (Haw. 2006) (citation and quotation marks omitted); see also Kona Village Realty, Inc. v. Sunstone Realty Partners, XIV, LLC, 236 P.3d 456, 464 (Haw. 2010).

Plaintiffs argue that they should be awarded attorneys' fees for the enforcement of the settlement agreement pursuant to the doctrine of mutuality set forth in Cooper v. Schmidt, 661 P.2d 724, 728 (Haw. Ct. App. 1983), because the mortgage and loan modification agreement provide for attorneys' fees to the lender. In making this argument, Plaintiffs rely on language in Cooper stating that

11

"under Hawaii Revised Statutes section 607-17 (1976), if a written contract authorizes an attorney's fee for one party, if successful, then the other party is, ipso facto, also entitled to an attorney's fee, if successful." However, § 607-17 has since been repealed and the provisions of that section were incorporated into § 607-14. See Kona Village Realty, Inc. v. Sunstone Realty Partners, XIV, LLC, 236 P.3d 456, 467 (Haw. 2010). Section 607-14 does not provide for attorneys' fees incurred in enforcing a settlement agreement. See Haw. Rev. Stat. § 607-14 (awarding attorney's fees to the prevailing party, inter alia, in actions "in the nature of assumpsit"); see also Lee v. Aiu, 936 P.2d 655, 667 (Haw. 1997) (affirming the denial of attorneys' fees under § 607-14 in an action to enforce a settlement agreement because "[a] suit to enforce an agreement is a suit for specific performance and is not an action in the nature of assumpsit"). Indeed, allowing such recovery would be contrary to § 607-14 because it would effectively mean that a party could recover attorneys' fees as damages without regard to the limitations set forth in that statute. Since neither the parties' agreement nor any statute provides that attorneys' fees incurred in enforcing a settlement agreement can be recovered as damages, the Court concludes that Plaintiffs are not entitled to recover these fees.

## CONCLUSION

For these reasons, the Court **ADOPTS** the Magistrate Judge's Findings and Recommendation to Deny Plaintiffs' Motion for Attorneys' Fees. (Doc. # 87.)

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 24, 2012.

_____
David Alan Ezra
United States District Judge

Constantino v. U.S. Bank, N.A., et al., CV 09-00066 DAE-RLP; ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION FOR ATTORNEYS' FEES